IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12–cv–0033–MJR–SCW |
| | ) |
| PEPSI MIDAMERICA CO., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On September 28, 2012, the undersigned judge held a telephonic discovery dispute conference. Appearing for Plaintiff: Elizabeth Dillon and Ferne Wolf; for Defendant: Cory Kuhlenschmidt.

At issue were responses and objections contained within Defendant's answers and objections to Plaintiff's First Set of Interrogatories, to Plaintiff's First Requests for Production, and Defendant's Supplemental Responses to those discovery requests. Also at issue was the relevance of financial information as it pertained to the issue of potential punitive damages in the case. This order summarizes the Court's rulings, the reasoning for which can be found in more detail on the hearing transcript.

  The Court overruled Defendant's general objections.

  The Court overruled Defendant's objection to Interrogatory #5.

  The Court overruled Defendant's objection to Interrogatory #7.

  Defendant withdrew the objections to Interrogatory #9 and Request for Production #20.

  Defendant's objection to Request for Production #8 was overruled to the extent the request relates to Plaintiff's statements, which are relevant to the claims and defenses in this case.

> Defendant's Objection to Request for Production #11 is sustained in part but overruled in part: Defendant must produce documents—relating to the Marion facility—pertaining to affirmative action plans and contracts that would contain reporting and recordkeeping obligations to the OFCCP.

> Defendant withdrew the objections to Request for Production #12 and to Request for Production #13.

> Defendant withdrew the objection to Request for Production #14 insofar as it objected to the production of emails, but maintained its objection to the production of attachments. Objection overruled; Defendant is directed to produce attachments.

> Defendant's objection to Request for Production #16 is overruled in part; Defendant's response to the Request is limited in time to five years before the instant complaint was filed, and limited in locale to the Marion facility only.

> Defendant withdrew its objection to Request for Production #18.

> Defendant's objection to Request for Production #23 is overruled so far as the objection was made on the grounds of an overbroad request. There has not been a privilege log produced, so all attorney-client-privilege objections are overruled . Any privilege issues should be submitted in the form of a privilege log as part of Defendant's responses (which, as described below, is due on or before October 12).

> Defendant's objection to Request for Production #26 is overruled in part, to the extent the objection deals with matters outside those in the Marion facility. Defendant's responses will be further limited in time to November 2003 through the date of Plaintiff's termination.

> Defendant's objection to Request for Production #28 is overruled in part. Only information pertaining to Defendant's net worth in 2011–2012 need be produced.

Defendant's supplemental responses shall be disclosed on or before October 12, 2012. The parties SHALL meet & confer by Friday, October 5 regarding the scope of the financial information that will be disclosed prior to the upcoming depositions.

**IT IS SO ORDERED.**

**DATE:**<u>10/1/2012</u>                    /s/ *Stephen C. Williams*
                                            **STEPHEN C. WILLIAMS**
                                            United States Magistrate Judge